# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **Evette Nicole Reed,** | § | **Case No. 14-44818-705** |
| | § | |
| Debtor. | § | |
| _____ | § | |
| **In re:** | § | |
| | § | |
| **Pauline A. Brady,** | § | **Case No. 14-44909-705** |
| | § | |
| Debtor. | § | |
| _____ | § | |
| **In re:** | § | |
| | § | |
| **Lawanda Lanae Long,** | § | **Case No. 14-45773-705** |
| | § | |
| Debtor. | § | |
| _____ | § | |
| **In re:** | § | |
| | § | |
| | § | |
| **Marshall Beard,** | § | **Case No. 14-43751-705** |
| | § | |
| Debtor. | § | |
| _____ | § | |
| **In re:** | § | |
| | § | |
| **Darrell Moore,** | § | **Case No. 14-44434-705** |
| | § | |
| Debtor. | § | |
| _____ | § | |
| **In re:** | § | |
| | § | |
| **Nina Lynne Logan,** | § | **Case No. 14-44329-705** |
| | § | |
| Debtor. | § | |
| _____ | § | |
| **In re:** | § | |
| | § | |
| **Jovon Neosha Stewart,** | § | **Case No. 14-43912-705** |
| | § | |
| Debtor. | § | |
| _____ | § | |
| **In re:** | § | |
| | § | |
| **Angelique Renee Shields,** | § | **Case No. 14-43914-705** |
| | § | |
| Debtor. | § | |
| _____ | § | |

1

**ORDER DIRECTING (I) JAMES ROBINSON TO SHOW CAUSE WHY THE
COURT SHOULD NOT IMPOSE SANCTIONS AGAINST HIM; AND (II) THE
<u>CHAPTER 7 TRUSTEE TO PROVIDE INFORMATION RELATED TO FEES</u>**

Mr. James Robinson is an attorney who has been suspended from the privilege of practicing before this Court (*see* June 11, 2014 Memorandum Opinion in *In re Steward*, Case No. 11-46399-705). Mr. Robinson was suspended before he could earn all the fees that he had received from certain clients who are now debtors before this Court. Following the suspension, Mr. Ross Briggs, an attorney, began representing Mr. Robison's clients for free and without a fee-sharing agreement. Mr. Briggs has a long-time affiliation, whether formal or informal, with Mr. Robinson's "firm," Critique Services, L.L.C., and has his own history of making misleading representations to the Court in connection with his representation of Mr. Robinson's former clients.

As of November 26, 2014, there had been no representation in any of the Cases that Mr. Robinson returned the unearned portion of his fees.

On November 26, 2014, the Court issued an Order to Show Cause in the first six of the above-cases. On December 2, 2014, the Court issued an Additional Order to Show Cause in all of the above-referenced cases (collectively, the "Cases") (the December 2, 2014 Show Cause Order, together with the November 26, 2014 Show Cause Order, the "Show Cause Orders"). In the Show Cause Orders, the Court directed Mr. Robinson to show cause why the Court should not order disgorgement of the fees he collected from the debtors (the "Debtors") in the Cases pursuant to 11 U.S.C. § 329(b). In the November 26, 2014 Show Cause Order, the Court stated:

> While the Court would welcome Mr. Robinson now voluntarily providing to the chapter 7 trustee any portion of any fees in any case that were paid to him but which he did not earn, doing so will not make this inquiry moot. The Court still would require the above-listed issues to be addressed. The fact that Mr. Robinson apparently has not returned any unearned fees raises the concern of whether there has been attempted impropriety in these Cases related to the attorney's fees paid by the debtor.

Shortly thereafter, Mr. Briggs filed amended schedules in certain of the Cases,[1] representing that, after the entry of the Show Cause Orders, Mr. Robinson returned the long-held fees—although it is not clear whether Mr. Robinson provided those fees (which are property of the estate) to the chapter 7 trustee, as instructed, or to the Debtors directly. Mr. Briggs also filed amended schedules for those Debtors, claiming an exemption in the fees. As such, it appears that Mr. Robinson knowingly held, for many months, unearned fees that were property of the estate, and returned those fees only in the face of the Order to Show Cause.

The Court is concerned that this forum and these Cases have been used as a vehicle for improperly retaining property of the estate—that Mr. Robinson kept his unearned fees, assuming the Court would not notice and the chapter 7 trustee would not care.[2]  In addition, the Court is concerned that Mr. Robinson violated the rules of professional conduct by failing to timely return the unearned fees—and the Court cannot permit this forum to openly host such behavior.

The Court requires an accounting of where the fees have been and why they were not returned sooner. Once the Court has this accounting, it can determine whether it is proper to impose sanctions upon Mr. Robinson. Therefore, the Court **ORDERS** that:

(i)     Mr. Robinson show cause why the Court should not impose monetary and/or nonmonetary sanctions upon him for retaining his unearned fees; and

(ii)    the chapter 7 trustee, the person responsible for accounting to the Court for property of the estate, address the following:

(a)     the amount of attorney's fees paid to Mr. Robinson;

(b)     to whom, specifically, the fees were paid;

(c)     where the fees were held following payment and throughout the six months following Mr. Robinson's suspension, including whether such fees were held in a client trust account;

---

[1] As of the drafting of this Order, the fees had been refunded to the Debtors except those in *In re Long*, *In re Moore*, and *In re Logan*.

[2] These Cases are not the only cases in which Mr. Robinson may have kept unearned fees following his suspension.  The Cases listed above are only a sampling of the cases involving Mr. Robinson's former clients.

(d)        where the fees are held today (if they have not been returned);

(e)        who issued the refund check or other negotiable instrument, and from what account;

(f)        whether any of those fees were disbursed to Mr. Robinson, any attorney affiliated or otherwise associated with (formally or informally) Critique Services L.L.C. or any permutation of Critique Services L.L.C., to any employee, officer, or owner of Critique Services L.L.C., or to any other person, prior to being refunded to the debtor.

(iii)    this matter be set for hearing at the Thomas F. Eagleton U.S. Courthouse, 111 S. Tenth St., Floor 7, Courtroom South, St. Louis, Missouri, on **January 21, 2015, at 10:00 A.M.**

Nothing herein requires the disclosure of attorney-client confidential information or attorney work product. Nothing herein prevents any party from filing a motion for protective order related to the protected disclosure of any information, if cause exists for sealing or other such protection. Nothing herein requires that Mr. Robinson waive his rights under the Fifth Amendment of the U.S. Constitution or any similar right under state law. The United States Trustee is invited to participate in the process of addressing these issues.

Additionally, nothing herein prevents the Court from issuing an order directing Mr. Briggs to show cause as to why he should not be sanctioned. It appears that Mr. Briggs knew that his clients' unearned fees were being held by Mr. Robinson, knew those fees had to be returned, knew the fees were property of the estate, and knew that his clients may be able to assert an exemption in those fees—and yet he did nothing to advocate for his clients' interests regarding those fees. Such an order may issue if the Court is concerned that Mr. Briggs acted, affirmatively or by omission, to assist or facilitate any efforts of Mr. Robinson to improperly retain property of the estate.

DATED: December 10, 2014
St. Louis, Missouri 63102
mtc

CHARLES E. RENDLEN, III
U.S. Bankruptcy Judge

4

Copy mailed to:

**Ross H. Briggs**
Post Office Box 58628
St. Louis, MO 63158

**James Clifton Robinson**
Critique Services
3919 Washington Blvd.
St. Louis, MO 63108

**David A. Sosne**
Summers Compton Wells LLC
8909 Ladue Rd.
St. Louis, MO 63124

**E. Rebecca Case**
7733 Forsyth Blvd. Suite 500
Saint Louis, MO 63105

**Office of US Trustee**
111 S Tenth St, Ste 6.353
St. Louis, MO 63102