# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | § § § | |
| Evette Nicole Reed, | § § § | Case No. 14-44818-705 |
| Debtor. | § § § | |
| In re: | § § § | |
| Pauline A. Brady, | § § § | Case No. 14-44909-705 |
| Debtor. | § § § | |
| In re: | § § § | |
| Lawanda Lanae Long, | § § § | Case No. 14-45773-705 |
| Debtor. | § § § | |
| In re: | § § § | |
| Marshall Beard, | § § § | Case No. 14-43751-705 |
| Debtor. | § § § | |
| In re: | § § § | |
| Darrell Moore, | § § § | Case No. 14-44434-705 |
| Debtor. | § § § | |
| In re: | § § § | |
| Nina Lynne Logan, | § § § | Case No. 14-44329-705 |
| Debtor. | § § § | |
| In re: | § § § | |
| Jovon Neosha Stewart, | § § § | Case No. 14-43912-705 |
| Debtor. | § § § | |
| In re: | § § § | |
| Angelique Renee Shields, | § § § | Case No. 14-43914-705 |
| Debtor. | § § § | |

1

**ORDER STRIKING THE MEMORANDUM, TO DEGREE THAT IT PURPORTS TO MODIFY THE COURT'S RECORD OF THE FEBRUARY 4, 2015 HEARING**

As set forth below, the Court orders that the Memorandum be stricken to the degree that it purports to modify the Court's record of the February 4, 2015 hearing held in the above-referenced cases (the "Cases"). The Memorandum otherwise may stand.

**I. BACKGROUND**

Currently before the Court are three Show Cause Orders (the "Show Cause Orders"), wherein James C. Robinson, the former (and now-suspended) attorney for the Debtors, has been directed to show cause as to why he should not be sanctioned for failing to timely return to the Debtors the fees he collected from them prior to his suspension on June 10, 2014. In addition, the chapter 7 trustees assigned to these Cases (the "Chapter 7 Trustees") have been directed to account to the Court for the whereabouts of the fees since Robinson's suspension. In connection with attempting to meet their obligations, the Chapter 7 Trustees have requested documents and information from Robinson, his "firm," Critique Services L.L.C., and Ross Briggs (an attorney with a long-time affiliation (formal and informal) with the "Critique Services" business,[1] and who now represents six of the eight Debtors). In response to the Chapter 7 Trustees' requests for documents and information, Robinson, Critique Services L.L.C. and Briggs have played a game of avoidance, finger-pointing, talking around the issue, and refusing to comply. They have produced very little to nothing that is responsive to the Chapter 7 Trustees' requests.

---

[1] Over the past approximately twenty years, one permutation or another of a bankruptcy services-related business with the phrase "Critique" in its name has operated in St. Louis. These "Critique"-named businesses (which the Court will collectively refer to as the "Critique Services business") have been repeatedly sued by the United States Trustee on allegations of the unauthorized practice of law and other unlawful business practices. The Critique Services business, its owner, Beverly Holmes Diltz, and attorneys and non-attorneys affiliated with it, have been enjoined from unlawful practices.

The last hearing in the Cases was held February 4, 2015. At that hearing, it was established that Robinson, Critique Services L.L.C. and Briggs have not complied with the Order Compelling Turnover and have no sincere intention of complying. The Court currently is determining how to proceed in the face of this non-compliance.

On May 12, 2015, Laurence Mass, the attorney for Critique Services L.L.C., filed a document captioned "Memorandum."

## II. THE MEMORANDUM

The Court makes the following observations about the Memorandum:

First, in the Memorandum, Mass states that he "represented that Critique Services, LLC did not have employees other than its sole member and that the employees that worked in the building in which Mr. Robinson had his offices and who had interactions with Mr. Robinson's clients (debtors filing mostly Chapter 7 cases) were employees of Mr. Robinson. That is correct." It is, indeed, correct that Mass made representations along these lines at the February 4 hearing. However—to be clear—the Court has made no finding of fact accepting these representations as true, regardless of Mass's declaration that they are "correct." Mass's representations are not evidence. Mass was not on the stand; he was not a witness; he was not subject to cross-examination.

Second, Mass states that, at the February 4 hearing, he "represented that Critique Services, L.L.C. was paid by Mr. Robinson in accordance with invoices that it rendered to him based upon fixed monthly charges (i.e., for use of the name 'Critique Services,' rent, the provision of business systems) and upon variable monthly charges." However, a review of the transcript of the February 4 hearing does not show representations by Mass related to invoices or fixed or variable monthly charges. The Court is uncertain of what Mass is referencing.

Third, Mass states that he "has learned certain details whereby what he represented in Court may have left an incomplete impression upon the Court." However, there is no such thing as "leaving an incomplete impression upon the Court." "Incomplete" would not describe the Court's resulting impression— although it might describe the disclosures, if the disclosures were lacking in

3

adequacy or candor. There is such a thing as "leaving a *false* impression upon the Court."[2] It appears that what Mass means is: he left a false impression upon the Court as a result of making incomplete disclosures.[3] The Court notes the irony of Mass attempting to change a false impression by misleadingly characterizing the situation as one of "an incomplete impression"—a phrase that appears to have been utilized to sound more innocuous than "false."

Fourth, in the Memorandum, Mass makes certain representations about payments to Critique Services L.L.C. by Robinson, the use of debit cards, and the receipt of fees paid by the Debtors in these Cases. These statements, unsupported by any documentation or affidavit, do not constitute evidence and do not constitute compliance by Critique Services L.L.C. with the Order Compelling Turnover.

Fifth, Mass states that he "believes" that Critique Services L.L.C.'s "conduct complied with the structure established" in the 2007 injunction[4]—as if Mass's personal belief is determinative of compliance.  To any degree, it is unclear why Mass feels the need to share his belief on this point with the Court in these Cases, given that the issue of whether the 2007 injunction was violated is currently before another Judge of this Court on motions filed in other cases.  It is not an issue in these Cases. This was previously explained to Mass by the Court at the February 4 hearing, after Mass incorrectly insisted that the Show Cause Orders raised the issue. Because Mass appears, once again, to need this pointed out, the Court will, once again, state: the issue of whether the 2007

---

[2] *Knowingly* leaving a false impression is called *misleading*; and misleading the Court, when done by an attorney, is called *failing to meet the ethical expectation of candor with the Court*; and misleading by the making of a false statement, when done under oath, is called *perjury.*  But none of these result in the leaving of an "incomplete impression upon the Court."

[3] This is not a finding that Mass knowingly made incomplete disclosures.

[4] In 2007, Critique Services L.L.C. agreed to an injunction prohibiting it from performing certain services in bankruptcy cases.

4

injunction was violated is not an issue raised for determination in these Cases.[5] The Show Cause Orders do not refer to the 2007 injunction. There has been no motion to enforce the 2007 injunction. No party is seeking relief under the 2007 injunction. The issue presented by the Show Cause Orders is whether Robinson should be sanctioned for failing to timely return unearned fees that were property of the estate—an issue is separate from the issue of whether the 2007 injunction was violated.

Sixth, it is not clear what Mass intends by seeking to "clarify" his representations at the February 4 hearing. Mass is free to make whatever representations he wishes. However, the record is what the record is. Nothing in the Memorandum can reach back in time and replace the representations made at the February 4 hearing. Mass's new representations in the Memorandum stand in contrast to, or in comparison with, or in complement to, his representations at the February 4 hearing.

### III. CONCLUSION

To avoid any confusion about the effect of the Memorandum, the Court **ORDERS** that the Memorandum be **STRICKEN** to the degree that it purports to modify or change the Court's record of the February 4 hearing. The Memorandum otherwise may stand.

DATED: May 15, 2015
St. Louis, Missouri 63102
mtc

CHARLES E. RENDLEN, III
U.S. Bankruptcy Judge

---

[5] Of course, the fact that this is not an issue in these Cases is not a finding that Critique Services L.L.C. operates in compliance with the 2007 injunction. It means only that the issue has not been raised in these Cases.

5

**COPY MAILED TO:**

**Ross H. Briggs**
Post Office Box 58628
St. Louis, MO 63158

**James Clifton Robinson**
Critique Services
3919 Washington Blvd.
St. Louis, MO 63108

**Laurence D. Mass**
230 S Bemiston Ave
Suite 1200
Clayton, MO 63105

**Office of US Trustee**
111 S Tenth St, Ste 6.353
St. Louis, MO 63102

**Robert J. Blackwell**
Blackwell and Associates (trustee)
P.O. Box 310
O'Fallon, MO 63366-0310

**David A. Sosne**
Summers Compton Wells LLC
8909 Ladue Rd.
St. Louis, MO 63124

**Tom K. O'Loughlin**
O'Loughlin, O'Loughlin et al.
1736 N. Kingshighway
Cape Girardeau, MO 63701

**Kristin J Conwell**
Conwell Law Firm LLC
PO Box 56550
St. Louis, MO 63156

**Seth A Albin**
Albin Law
7710 Carondelet Avenue
Suite 405
St. Louis, MO 63105

**E. Rebecca Case**
7733 Forsyth Blvd.
Suite 500
Saint Louis, MO 63105

United States Bankruptcy Court
Eastern District of Missouri

```
In re:                                                              Case No. 14-43751-cer
Marshall Louis Beard                                                Chapter 7
        Debtor
```

## CERTIFICATE OF NOTICE

```
District/off: 0865-4          User: reik              Page 1 of 1              Date Rcvd: May 15, 2015
                              Form ID: pdfo2          Total Noticed: 1
```

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 17, 2015.
intp          +James C. Robinson,   3919 Washington Blvd.,   St. Louis, MO 63108-3507

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                           TOTAL: 0

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                           TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 17, 2015                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 15, 2015 at the address(es) listed below:
              Bryan  Voss    on behalf of Trustee Robert J. Blackwell bvoss@blackwell-lawfirm.com
              David A. Sosne    dastrustee@summerscomptonwells.com,  dsosne@ecf.epiqsystems.com
              David A. Sosne    on behalf of Interested Party David A. Sosne dastrustee@summerscomptonwells.com,
               dsosne@ecf.epiqsystems.com
              Donna M. Sommars    on behalf of Creditor   1st City Credit Union donna@sommars.net,
               dana@sommars.net;pamela@sommars.net
              Laurence D. Mass    on behalf of Interested Party   Critique Services, LLC laurencedmass@att.net
              Office of US Trustee    USTPRegion13.SL.ECF@USDOJ.gov
              Robert J. Blackwell    trustee@blackwell-lawfirm.com,  rblackwell@ecf.epiqsystems.com
              Ross H. Briggs    on behalf of Debtor Marshall Louis Beard r-briggs@sbcglobal.net,
               rb04938@gmail.com
              Steven Neal Beck    on behalf of Trustee Robert J. Blackwell sbeck@blackwell-lawfirm.com
                                                                                             TOTAL: 9
```